1998 OK CIV APP 139

Alice Alline NEWBERRY, as Personal Representative of the Estate of Raymond Ray Newberry, Plaintiff/Appellant,

v.

ALLSTATE INSURANCE COMPANY, Defendant/Appellee.

No. 90808.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 26, 1998.

Certiorari Denied Sept. 16, 1998.

As Corrected Oct. 13, 1998.

Rex K. Travis, Oklahoma City, for Plaintiff/Appellant.

George D. Davis, Richard J. Harris, Oklahoma City, for Defendant/Appellee.

*OPINION*

CARL B. JONES, Vice–Chief Judge:

¶1 The question presented in this uninsured motorist coverage case is whether a city-owned vehicle was an "uninsured motor vehicle" within the meaning of our UM statute, 36 O.S.Supp.1994 § 3636(C). The trial court held it was not, and entered summary judgment in favor of insurer. We agree, and affirm the trial court's judgment.

¶2 Raymond Newberry was injured in August, 1995, when the car he was driving collided with one owned by the City of Oklahoma City [City] and driven by a City employee. His personal representative [1] [hereafter Appellant] commenced an action against City to recover for property damage to Raymond's vehicle. That case was settled. Appellant then commenced this action against Defendant/Appellee Allstate Insurance Company [Allstate] to recover under the UM coverage in Allstate's policy. Allstate answered that the amount of Raymond's damages did not exceed the self-insured limit of City's liability.

¶3 The parties stipulated to the following facts: (1) City was a legally self-insured entity; (2) City waived sovereign immunity up to the limit imposed by Governmental Tort Claims Act, 51 O.S.Supp.1994 § 154(A)(2) [GTCA] ($100,000 for bodily injury); (3) Allstate's policy defined uninsured motor vehicles to exclude "a motor vehicle that is lawfully self-insured"; and (4) the claim for Raymond's personal injuries was worth $15,000, which is less than City's self-insured limit. On the basis of those stipulated facts, each party requested entry of summary judgment and briefed the legal issue whether Allstate was obligated to pay under its UM coverage. The trial court en-

tered judgment for Allstate, and Appellant brought this appeal.

¶4 Allstate argued that the City employee was not an uninsured motorist and the City-owned vehicle was not an uninsured motor vehicle under either the policy terms or state law. As stipulated, City is "lawfully self-insured" and that phrase is used in the policy as a limitation on the definition of what is an uninsured motor vehicle. The UM statute defines "uninsured motor vehicle" to include "an insured motor vehicle, the liability limits of which are less than the amount of the claim of the person or persons making such claim, regardless of the amount of coverage of either of the parties in relation to each other." Allstate placed particular reliance on the recent decision by Division 4 of this Court in *Carlos v. State Farm Mut. Auto. Ins. Co.*, 1996 OK CIV APP 158, 935 P.2d 1182. In that case, the question was whether the plaintiff could assert a claim against her UM coverage after a collision with a state-owned vehicle operated by an employee of the Oklahoma Department of Transportation. The court held she could not, because the amount of her claim was "undisputably less than the liability limits of section 154." *Id.*, 1996 OK CIV APP 158 at ¶-, 935 P.2d at 1185.

¶5 Appellant in her cross-motion relied on *State Farm Auto. Ins. Co. v. Greer*, 1989 OK 110, 777 P.2d 941. In *Greer*, the insurer brought an action for declaratory relief that a motor vehicle owned by Oklahoma State University was not an uninsured motor vehicle. The state Supreme Court, answering a certified question, held that language in a State Farm policy which excluded a vehicle owned by the government or one of its political subdivisions or agencies from the definition of uninsured motor vehicle was void and unenforceable as contrary to public policy. The court's reasoning is summed up in its concluding paragraph:

An insured must be allowed to look to the insurer when the liability limits of a negligent motorist prevent the insured from recovering fully from the injuries suffered. Allowing a provision such as the one before us to thwart that objective would be a major deviation from the origi-

[1] Raymond died after the accident from unrelated causes.

nal legislative intent of 36 O.S.1981 § 3636(C). This provision is a blatant attempt to limit the effect of 36 O.S.1981 § 3636. As such we must find it to be against public policy and, therefore, void and unenforceable. [Citation omitted.]

*Greer*, 1989 OK 110 at ¶ 9, 777 P.2d at 943. Appellant argued that the language in her Allstate policy which excluded vehicles owned by an entity which is "lawfully self-insured" was similarly contrary to public policy, and therefore unenforceable.

■ ¶ 6 Appellant also relied on a somewhat simplistic linguistic argument, that "uninsured" literally means "no insurance policy," and that, since City did not have an actual insurance policy, its vehicles were consequently uninsured. We reject that argument as unpersuasive, in light of the statutory provisions in the GTCA authorizing self-insurance by municipalities and providing a method for payment of judgments imposed upon self-insured governmental subdivisions. *See* 51 O.S.1991 §§ 159(C), 167(B). A governmental entity is not "uninsured" for purposes of the UM statute merely because it has not purchased liability insurance from an insurance company.

■ ¶ 7 The pivotal undisputed fact in this case, just as it was in *Carlos*, is that the personal injury claim pressed against City was *stipulated to be less than City's limit of liability*. That fact distinguishes this case from *Greer*, in which the court perceived the policy limitation as a barrier preventing the injured claimant from being fully compensated for her injuries. There is no like consideration here, because the parties have stipulated that Raymond's personal injury claim was worth only $15,000, and City's self-insured limit of liability under the GTCA was $100,000.

¶ 8 We therefore hold that Appellant was not entitled to recover from Allstate on the uninsured motorist coverage in the Allstate policy. The trial court judgment is affirmed.

¶ 9 AFFIRMED.

JOPLIN, P.J., and GARRETT, J., concur.